UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO, 1325 Massachusetts Ave, N.W. Washington, D.C. 20005<br><br>and<br><br>PROFESSIONAL AIRWAYS SYSTEMS SPECIALISTS, AFL-CIO, 1150 17th Street, N.W., Suite 702 Washington, D.C. 20036<br><br>       Plaintiffs,<br><br>vs.<br><br>FEDERAL SERVICE IMPASSES PANEL 1400 K Street N.W. Washington, D.C. 20424<br><br>and<br><br>FEDERAL LABOR RELATIONS AUTHORITY, 1400 K Street, N.W. Washington, D.C. 20424<br><br>       Defendants. | Civil Action No. _____<br><br>CASE NUMBER 1:04CV00138<br>JUDGE: Rosemary M. Collyer<br>DECK TYPE: Administrative Agency Review<br>DATE STAMP: 01/30/2004 |

## COMPLAINT

### INTRODUCTION

The Plaintiff federal labor organizations, the National Air Traffic Controllers Association, AFL-CIO and the Professional Airways Systems Specialists, AFL-CIO, file this Complaint seeking declaratory and injunctive relief to remedy the January 9, 2004 decisions of the Federal Service Impasse Panel, by which the Panel refused to "provide services and assistance" to NATCA and

1

PASS "in the resolution of" their collective bargaining impasses with the Federal Aviation Administration.  The FSIP's decisions are contrary to the specific provisions of the Panel's mandatory jurisdiction under 5 U.S.C. §§7119(a) and (c)(5), exceed the Panel's statutory authority, leave in place the continuing collective bargaining impasses between the FAA, NATCA and PASS, deprive affected employees of their statutory right to engage in collective bargaining, and deny Plaintiffs any administrative recourse or remedy.

### NATURE, JURISDICTION, VENUE

1.  This civil action is brought by the National Air Traffic Controllers Association, AFL-CIO ("NATCA") and the Professional Airways Systems Specialists, AFL-CIO ("PASS") for declaratory and injunctive relief to remedy the refusal of the Federal Service Impasses Panel ("FSIP" or "the Panel") to adhere to its affirmative statutory obligation to resolve the existing impasses in collective bargaining negotiations between the Federal Aviation Administration ("FAA"), NATCA and PASS, as required by 5 U.S.C. §7119.

2.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1337.

3.  Venue of this action properly lies in the United States District Court for the District of Columbia pursuant to 29 U.S.C. §1391(e).

## PARTIES

4. Plaintiff NATCA is a labor organization within the meaning of 5 U.S.C. §7103(a)(4), representing approximately 16,000 employees of the FAA, including over 1,800 employees in eleven (11) bargaining units: Notice to Airman ("NOTAM") Office Specialists; Budget and Financial Analysis Specialists; Logistic, Finance, Accounting and Information Services Engineers (Oklahoma City and Atlantic City); Automatic Specialists; Aerospace Medical Nurses; FAA Airports Decision employees, FAA Aircraft Certification Decision employees, Regional Counsel Offices employees, Air Worthiness Engineers (Oklahoma City); and Drug Abatement Specialists.

5. Plaintiff PASS is a labor organization within the meaning of 5 U.S.C. §7103(a)(4), representing approximately 11,000 FAA employees including, *inter alia*, some 4,000 FAA employees in four (4) bargaining units: Flight Standards; Aviation Standards; Manufacturing Inspection District Office; and AFS-700 employees.

6. Defendant Federal Labor Relations Authority ("FLRA" or "the Authority") is an Agency of the United States government, established by Congress under 5 U.S.C. §7104(a) for the purpose, *inter alia,* of affording "protection of the right of [federal] employees to organize, bargain collectively, and participate through labor organizations of their own choosing in decisions

which affect them..." 5 U.S.C. §7101(a).

7. Defendant FSIP is "an entity within the [FLRA]," established under 5 U.S.C. §7119(c)(1) for the purpose, *inter alia,* of "provid[ing] services and assistance to agencies and exclusive representatives in the resolution of negotiation impasses." 5 U.S.C. §7119(a); if federal agencies and unions reach an impasse in collective bargaining negotiations, the Panel's statutory direction is to recommend procedures and to take whatever action it deems necessary to resolve the impasse. Id.

**BACKGROUND**

8. On July 8, 2003, NATCA filed a formal request for the FSIP's assistance, notifying the Panel that an "impasse" had been reached in its collective bargaining with the FAA in the eleven (11) bargaining units described in paragraph 4 above, and identifying the specific subjects of bargaining over which the "impasse" had occurred (Case No. 03 FSIP 144).

9. On various dates in July 2003, PASS filed formal requests for the FSIP's assistance, notifying the Panel that an "impasse" had been reached in its collective bargaining with the FAA in the four (4) bargaining units described in paragraph 5 above, and identifying the specific subjects of bargaining over which the "impasse" had occurred (Case Nos. 03 FSIP 149, 150, 151 and 157).

10. Rather than participate in the resolution of the existing impasses in collective bargaining with NATCA and PASS through the dispute resolution procedures of the FSIP, the FAA filed two Statements of Position with the Panel, both dated September 22, 2003, objecting to the Panel taking any action and arguing that certain legislation reorganizing the FAA (49 U.S.C. §§ 41022 and 106) had, by implication, divested the FSIP of jurisdiction over collective bargaining between the FAA, NATCA and PASS.

11. The FSIP thereafter solicited legal positions from the parties and, on January 9, 2004, issued companion decisions with respect to the pending requests for assistance by NATCA and PASS. Exhibits A, B. In each case, the FSIP "decline[d] to assert jurisdiction," on the basis that, in the Panel's view, "...it is unclear whether the Panel has authority to resolve the parties' impasse." Exhibit A (p.1); Exhibit B (p.1).  The Panel concluded each decision with the *caveat* that

> this determination to decline to assert jurisdiction is made without prejudice to the right of either party to file another request for assistance if the underlying threshold question is resolved in the appropriate forum consistent with the Union's Interpretation of the applicable statutory provisions.

Exhibit A(p.4); Exhibit B(p.4).

### JURISDICTION OF THE FEDERAL SERVICE IMPASSE PANEL

12. Under its governing statute, the FSIP "shall provide

5

assistance to agencies and exclusive representatives in resolving negotiation impasses" (5 U.S.C. §§7119(a)), "shall promptly investigate any impasse presented to it... (5 U.S.C. §7119(c)(5)(A))," and then "shall... either... recommend to the parties procedures for the resolution of the impasse; or... assist the parties in resolving the impasse through whatever methods and procedures... it may consider appropriate to accomplish the purpose of this section." 5 U.S.C. §§7119(c)(5)(A)(i),(ii).

13. The FSIP's governing statute, 5 U.S.C. §7119, does not afford the Panel with any discretion to decline to provide assistance on an *ad hoc* basis at the insistence of either party where, as here, the parties have reached an "impasse" in their collective bargaining negotiations.

14. Neither of the statutes cited by the FAA as justification for its objections to the FSIP's exercise of its authority in these matters, 49 U.S.C. §§ 40122, 106 (relating to a new FAA personnel management system implemented in April 1996), makes any reference to the FSIP or to its impasse resolution processes, much less do either of these statutes expressly remove collective bargaining between the FAA and the labor organizations representing its employees from the Panel's statutory jurisdiction. To the contrary, 49 U.S.C. §40122(g)(2)(c) expressly confirms that "chapter 71, relating to labor management relations" continues to govern the new FAA personnel management

system, and the subsequent enactment of 49 U.S.C. §106(l) expressly preserved the applicability of "subsection( ) ...(g) of Section 40122...," as an exception to the authority of FAA's Administrator "... to fix the compensation of [FAA] officers and employees..."

15. NATCA, PASS and the affected FAA employees in the bargaining units referred to above have been and continue to be injured by the FSIP's continuing refusal to "promptly investigate" the existing impasses in collective bargaining negotiations and "assist the parties in resolving [their] impasse[s]," which impasses have continued since at least July 2003.  5 U.S.C. §§7119(c)(5)(A)(i),(ii).

16. The FLRA does not entertain direct appeals of final decisions of the FSIP, and the Panel's decisions are subject to review by the FLRA solely in the context of an unfair labor practice proceeding precipitated by a party's refusal to comply with a decision of the Panel.  Accordingly, there is no administrative review available to NATCA and PASS with respect to the FSIP's refusal to undertake to resolve the existing impasses in their collective bargaining negotiations with the FAA.  Absent declaratory and injunctive relief, Plaintiffs are without any adequate remedy at law.

## COUNT ONE

17.  Plaintiffs hereby reallege and incorporate by reference

7

herein the allegations in paragraphs 1-16 above.

18. The FSIP's decisions of January 9, 2004, by which the Panel refused to act to resolve the impasses in bargaining between the FAA, NATCA and PASS, violate the specific and mandatory provisions of the Panel's governing statute, 5 U.S.C. §7119.

19. The FSIP's refusal to act to resolve the continuing impasses in collective bargaining negotiations between the FAA, NATCA and PASS exceeds the Panel's statutory authority under 5 U.S.C. §7119.

20. The FSIP's refusal to act to resolve the continuing impasses in collective bargaining negotiations between the FAA, NATCA and PASS denies the FAA employees in the affected bargaining units their statutory right to engage in collective bargaining under 5 U.S.C. §§ 7101, 7116, 7117 and 7119.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs NATCA and PASS urge that the Court to:

1. Declare, pursuant to 28 U.S.C. §2201, that the FSIP's decisions of January 9, 2004 are in violation of specific provisions of the Panel's statutory authority;

2. Declare, pursuant to 28 U.S.C. §2201, that the FSIP's decisions of January 9, 2004 exceed the FSIP's jurisdiction under 5 U.S.C. §5119;

3. Declare, pursuant to 28 U.S.C. § 2201, that the FSIP's

decisions of January 9, 2004 deprive NATCA, PASS and affected FAA employees of their statutory right to engage in collective bargaining in violation of 5 U.S.C. §§ 7101 et seq.;

4. Order the FSIP to proceed forthwith to resolve the existing impasses in collective bargaining negotiations between the FAA, NATCA and PASS in accordance with 5 U.S.C. § 7119; and

5. Award such other and further relief to Plaintiffs as the Court deems just and proper, including their attorneys fees and costs.

Respectfully submitted,

*William W. Osborne, Jr.*
William W. Osborne, Jr.
Osborne Law Offices, P.C.
4301 Connecticut Avenue, N.W.
Suite 108
Washington, D.C. 20008
(202) 243-3200
D.C. Bar Identification No. 912089

*Marguerite Graf / wwo Jr*
Marguerite L. Graf
General Counsel
National Air Traffic Controllers Association, AFL-CIO
1325 Mass. Avenue, N.W.
Washington, D.C. 20005
(202) 628-5451
D.C. Bar Identification No. 455693

*Michael Derby / wwo Jr*
Michael D. Derby
PASS Counsel
Professional Airways Systems

9

Specialists, AFL-CIO
1150 17th Street NW
Washington, DC 20036
(202) 293-7277
D.C. Bar Identification No. 384632
Counsel for Plaintiffs

Dated: <u>January 30, 2004</u>