IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO, and PROFESSIONAL AIRWAYS SYSTEMS SPECIALISTS, AFL-CIO, <br>　　　　Plaintiffs <br><br> v. <br><br> FEDERAL SERVICE IMPASSES PANEL and FEDERAL LABOR RELATIONS AUTHORITY, <br>　　　　Defendants | No. 1:04CV00138 (RMC) |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT[1]**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Federal Service Impasses Panel and the Federal Labor Relations Authority hereby move this Court to dismiss the complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. Alternatively, pursuant to Fed. R. Civ. P. 56, the defendants respectfully move the Court to enter summary judgment for the defendants and against the plaintiffs. As grounds for this alternative motion, defendants state that there are not material facts in dispute in this action and that defendants are entitled to judgment as a matter of law.

In support of this Motion, defendants refer the Court to the attached Memorandum in Support of Motion to Dismiss Complaint, or, in the Alternative, for

---

[1] On March 16, 2004, the unions filed a Motion for Summary Judgment (MSJ). This Motion to Dismiss constitutes the defendants' response to the unions' summary judgment motion.

Summary Judgment, which is submitted with attached exhibits, and a Statement of Material Facts Not In Dispute.

    Respectfully submitted.

                                                                _____
                                                                DAVID M. SMITH
                                                                Solicitor


                                                               _____
                                                               WILLIAM R. TOBEY
                                                               Deputy Solicitor


                                                              _____
                                                              JAMES F. BLANDFORD
                                                              Attorney

                                                              Federal Labor Relations Authority
                                                              1400 K Street, NW.
                                                              Washington, DC  20424-0001
                                                              (202) 218-7999; FAX (202) 343-1007

March 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL AIR TRAFFIC CONTROLLERS )
ASSOCIATION, AFL-CIO, )
       and )
PROFESSIONAL AIRWAYS SYSTEMS )
SPECIALISTS, AFL-CIO, )
                   Plaintiffs )
      v. )  No. 1:04CV00138 (RMC)
FEDERAL SERVICE IMPASSES PANEL )
       and )
FEDERAL LABOR RELATIONS )
AUTHORITY, )
                  Defendants )
)

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

**I.  INTRODUCTION**

The National Air Traffic Controllers Association, AFL-CIO (NATCA) and the Professional Airways Systems Specialists, AFL-CIO (PASS) (collectively "the unions") seek to invoke the jurisdiction of this Court in a suit against the Federal Service Impasses Panel (Panel) and the Federal Labor Relations Authority (Authority).  As shown below, the Court should dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Alternatively, the Court should grant summary judgment in favor of the defendants.

The Authority is the federal agency responsible for administering the Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101-7135 (2000) (Statute).  *See* 5 U.S.C. §§ 7104 and 7105.  Under the Statute, the specific responsibilities of the Authority include adjudicating unfair labor practice complaints, negotiability disputes, bargaining unit and representational election matters, and

resolving exceptions to arbitration awards. *See* 5 U.S.C. § 7105(a)(2). More generally, the Authority is charged with "provid[ing] leadership in establishing policies and guidance relating to matters under the [Statute]." 5 U.S.C. § 7105(a)(1).

The Panel is "an entity within the Authority, the function of which is to provide assistance in resolving negotiation impasses between agencies and exclusive representatives." 5 U.S.C. § 7119(c)(1); *see also Council of Prison Locals v. Brewer*, 735 F.2d 1497, 1499 (D.C. Cir. 1984) (*Brewer*). The administrative actions at issue here are decisions of the Panel declining to assert jurisdiction over five related cases involving the unions and the Federal Aviation Administration (FAA). *FAA and NATCA*, No. 03 FSIP 144 (Jan. 9, 2004) (Exhibit (Exh.) 1); *FAA and PASS*, Nos. 03 FSIP 149, 150, 151, and 157 (Jan. 9, 2004) (Exh. 2).

It is well established that decisions of the Panel are not subject to judicial review in either the district or the circuit courts. *Brewer*, 735 F.2d at 1498. Furthermore, the narrow exception to this rule under *Leedom v. Kyne*, 358 U.S. 184 (1958), is not applicable here. Accordingly, the Court should grant the motion to dismiss, or in the alternative, grant summary judgment for the agencies.

## II.  STATEMENT OF FACTS

**A.  The Panel**

The Panel was originally created by Executive Order 11491, 3 C.F.R. 861, 864 (1966-70 Compilation) and was designated as an entity within the Federal Labor Relations Council (FLRC). The FLRC was also created by the Executive Order as the central policy making and adjudicative agency for federal sector labor-management relations. The Panel was composed of at least three members appointed by the

President, who served on a part-time basis.  Under the Executive Order, the Panel had the authority to recommend procedures for the resolution of collective bargaining impasses or to settle the impasse "by appropriate action."  Exec. Order 11491, §§ 5 and 17.

The Panel was reconstituted by § 7119 of the Statute essentially as it had existed under the Executive Order, as an "entity within" the Authority.  Under the Statute, the Panel is composed of a Chairman and at least six other members, all of whom are appointed by the President, "solely on the basis of fitness to perform duties and functions involved, from among individuals who are familiar with Government operations and knowledgeable in labor-management relations."  5 U.S.C. § 7119(c)(2).  The Panel's function continued to be to "provide assistance in resolving negotiation impasses between agencies and exclusive representatives" of agency employees.  5 U.S.C. § 7119(c)(1).  Any party engaged in collective bargaining under the Statute may request the Panel's assistance in resolving an impasse.  5 U.S.C. § 7119(b).  Upon the submission of a request for Panel Assistance, the Panel "shall promptly investigate any impasse presented to it" and assist the parties in resolving the impasse through whatever means the Panel "may consider appropriate."  5 U.S.C. § 7119(c)(5)(A).  If the parties are unable to settle the dispute voluntarily, the Panel then "may . . . take whatever action is necessary and not inconsistent with [the Statute] to resolve the impasse."  5 U.S.C. § 7119(c)(5)(B).

The Panel has published regulations implementing § 7119 of the Statute. 5 C.F.R. §§ 2470.1 -2473.1.  As relevant here, the regulations provide that after having conducted an investigation and having given due consideration, the Panel shall

either: "[d]ecline to assert jurisdiction in the event it finds that no impasse exists or that there is other good cause for not asserting jurisdiction. . ..;" or assert jurisdiction and take steps to resolve the impasse. 5 C.F.R. § 2471.6(a).

**B.    Factual Background[2]**

This case arose out of contact negotiations between the FAA and two of the unions representing units of the FAA's employees. In July 2003, the unions filed requests for Panel assistance in resolving bargaining impasses. Specifically, NATCA filed 1 request, 03 FSIP 144, growing out of negotiations between the FFA and 11 bargaining units totaling approximately 1,800 employees. PASS filed 4 different requests (03 FSIP 149, 150, 151, and 157) arising out of negotiations involving 4 bargaining units involving approximately 4,000 employees. The Panel consolidated all of PASS's cases. In response, the FAA filed two substantially identical Statements of Positions (Exhs. 3 and 4), contending that the Air Traffic Management System Performance Act of 1966 divested the Panel of jurisdiction over collective bargaining between the unions and the FAA. Thereafter the Panel solicited, and the parties provided, legal arguments on the issue of the Panel's jurisdiction.

**C.    The Panel's Decisions**

On January 9, 2004, the Panel issued its decisions. In each case, the Panel concluded that "it is unclear whether the Panel has the authority to resolve the parties' impasse[s]." Exh. 1 at 1; Exh. 2 at 1. The Panel stated that the FAA had "raised

---

[2] The background facts are summarized here. The facts are set out in more detail in the Statement of Material Facts as to Which There Is No Genuine Dispute filed with the union's Motion for Summary Judgment.

4

arguable questions" concerning the Panel's authority to resolve the disputes at issue. Exh. 1 at 4; Exh. 2 at 4. Further, according to the Panel, these "questions must be addressed in an appropriate forum before the Panel commits its resources to assist the parties in resolving the merits of their impasses." *Id.* The Panel noted that it was not endorsing, either explicitly or implicitly, the FAA's statutory interpretations. Exh. 1 at 4 n.4; Exh. 2 at 4 n.4.

### III. ARGUMENT

**A.  The Union's Complaint Should Be Dismissed For Lack of Subject Matter Jurisdiction**

**1.  Decisions of the Panel Are Not Subject to District Court Jurisdiction**

In *Brewer*, after examining the relevant statutory provisions and legislative history, the D.C. Circuit held that Congress precluded direct judicial review of Panel orders, except in extraordinary circumstances. 735 F.2d at 1498. In so holding, the court held that the specific statutory scheme in § 7123(a) for judicial review renders inapplicable general jurisdictional grants that might otherwise provide original jurisdiction over Panel decisions in federal district courts. *Id.* at 1500. Accordingly, this Court is without jurisdiction to review final determinations of the Panel, unless the unions can show that an exception to the rule precluding review is applicable. As will be demonstrated below, no such exception applies.

**2.  The Union Erroneously Relies on the Narrow *Leedom* V. *Kyne* Exception to Nonreviewability of Panel Decisions.**

The unions concede (MSJ 11-12) that under *Brewer*, direct review of Panel determinations is precluded absent extraordinary circumstances, but nonetheless assert that this Court has jurisdiction under the narrow exception found in *Leedom v. Kyne*,

5

358 U.S. 184 (1958) (*Leedom*). As discussed below, *Leedom* does not provide a basis for the Court's jurisdiction in this case.

### a. The *Leedom* Exception Is Extremely Narrow

Under *Leedom*, an otherwise nonreviewable agency action may be reviewable where an agency has "contravened a clear and specific statutory mandate." *United Food and Commercial Workers, Local 400 v. NLRB*, 694 F.2d 276, 278 (D.C. Cir. 1982). The D.C. Circuit has stressed that the *Leedom* exception is "intended to be of extremely limited scope." *Griffith v. FLRA*, 842 F.2d 487, 493 (D.C. Cir. 1988) (internal quotes omitted) (*Griffith*). Noting that the limitations on *Leedom* jurisdiction are "nearly insurmountable," the D.C. Circuit has held that *Leedom* jurisdiction is not available to review agency decisions for errors of fact or law. *United States Dep't of Justice, Fed. Bureau of Prisons* v. *FLRA*, 981 F.2d 1339, 1343 (D.C. Cir. 1993); *see also Boire v. Greyhound*, 376 U.S. 473, 481 (1964) (*Leedom* should "not . . . be extended to permit plenary district court review of [National Labor Relations] Board orders . . . whenever it can be said that an erroneous assessment of the particular facts . . . has led it to a conclusion that does not comport with law."). As further explained by the D.C. Circuit, "garden variety errors of law or fact are not enough [to confer *Leedom* jurisdiction]." *Griffith*, 842 F.2d at 493.

Analysis of the Supreme Court's *Leedom* decision demonstrates the rigorous character of the exception's requirements. In *Leedom,* the National Labor Relations Board (NLRB) had determined that employees, who were held not to be professional employees within the meaning of the National Labor Relations Act (NLRA), 29 U.S.C. § 152(12), should be included in a bargaining unit of acknowledged

6

professional employees. *Leedom*, 358 U.S. at 185-86. This determination by the Board directly contravened the NLRA's explicit requirement that "'the Board shall not (1) decide that any unit is appropriate . . . if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit.'" *Id.* at 188-89 (quoting § 9(b) of the NLRA, 29 U.S.C. § 159(b)). Because of the NLRB's patent violation of the NLRA, the Court affirmed the district court's assertion of jurisdiction.

As will be discussed below, the Panel here, unlike the NLRB in *Leedom*, did not contravene a clear and specific statutory mandate.

### b. *Leedom* Jurisdiction Is Not Available in this Case

The unions argue (MSJ 14) that the Panel exceeded its authority and violated a mandate of the Statute by "refusing to assist [the unions] in resolving their impasses with the FAA," and therefore this Court has jurisdiction under *Leedom*. According to the unions, the Panel's actions contravene § 7119(c) of the Statute. The unions' arguments are without merit because the Panel contravened no clear statutory mandate.

Section 7119(c)(5)(A) of the Statute first requires that the Panel promptly investigate the impasse presented to it. The unions do not deny that the Panel investigated the impasse. As a matter of fact, it was during the course of the Panel's investigation that the FAA asserted that the Panel was without jurisdiction to resolve the bargaining dispute. *See* Exh. 1 at 1; Exh. 2 at 1. Further, the Statute requires that the Panel assist the parties in seeking a voluntary resolution to the impasse, "through whatever methods and procedures . . . [the Panel] may consider appropriate."

7

5 U.S.C. § 7119(c)(5)(A)(ii).  As this language reflects, the Statute clearly provides the Panel with wide discretion in determining the nature and extent of the assistance it is to provide under this section.

Here, once the FAA unconditionally asserted that the Panel had no authority to "intercede or otherwise take action" in the bargaining dispute (s*ee* Agency Statement of Position on Jurisdiction, 03 FSIP 144, Exh. 3 at 8; Agency Statement of Position on Jurisdiction, 03 FSIP 149, 150,151, and 157, Exh. 4 at 7), the Panel made no further attempts to procure a voluntary settlement of the underlying bargaining impasse.  Rather, in an attempt to resolve the jurisdictional issue, the Panel requested legal arguments from all parties.  Given the unconditional nature of the FAA's denial of the Panel's authority, the Panel reasonably refrained from expending resources in further attempts to resolve the dispute through voluntary efforts.  It is axiomatic that the law does not require futile or useless actions.  *Wayne v. United States*, 318 F.2d 205, 213 (D. C. Cir. 1963); *see also United States v. Md. & Va. Milk Producers Ass'n.*, 151 F.Supp. 438, 440 (D. D.C. 1957).  Nothing in the Panel's reasonable exercise of its discretion constituted a clear and patent violation of the requirements of § 7119(c)(5)(A) of the Statute.

Where, as here, efforts to settle voluntarily the bargaining impasse are unavailing, § 7119(c)(5)(B) of the Statute provides that the Panel "*may* . . . take whatever action is necessary and not inconsistent with this chapter to resolve the impasse." 5 U.S.C.§ 7119(c)(5)(B) (emphasis added). The Statute does not mandate any particular action on the Panel's part.  The Panel's regulations clarify the Panel's options. Section 2471.6(a) of the Panel's regulations provide that among the Panel's

8

options is the authority to "[d]ecline to assert jurisdiction in the event it finds that no impasse exists or *that there is other good cause for not asserting jurisdiction . . . .;*" or "[a]ssert jurisdiction" and take steps to resolve the impasse. 5 C.F.R. § 2471.6(a) (emphasis added).

The Panel's discretion to decline jurisdiction where its legal authority to resolve an impasse is questioned has been recognized by the both the courts and the Authority. In *Am. Fed. of Gov't Employees v. FLRA*, 778 F.2d 850, 854 (D.C. Cir. 1985) (*AFGE*), the court held that the Panel could not resolve questions regarding a party's obligation to bargain and noted the Panel's practice of declining to assert jurisdiction when "threshold questions exist concerning a party's obligation to bargain over a proposal." In addition, the Authority has furthered clarified the Panel's role in disputes over bargaining obligations. In *Commander Carswell Air Force Base, Tex.*, 31 F.L.R.A. 620, 624-25 (1988) (*Carswell AFB*), the Authority held that although the Panel cannot resolve legitimate duty to bargain questions, the Panel can assert jurisdiction where a bargaining proposal before it was substantially identical to one found by the Authority to be within the obligation to bargain. Significantly, the Authority noted that the approach adopted in *Carswell AFB*, "preserves the Panel's discretion as to whether or not to assert jurisdiction." *Id.* at 625.

Although this case does not concern a question concerning a party's obligation to bargain, the principles of *AFGE* and *Carswell AFB* are nonetheless instructive. All the cases involve, in a broader sense, questions concerning the Panel's legal authority to act under the Statute. As with obligation to bargain questions, it is the Authority, not the Panel, who is charged with providing guidance over issues arising under the

9

Statute. *See* 5 U.S.C. § 7105(a)(1). Accordingly, the Panel reasonably exercised its discretion not to assert jurisdiction.

In sum, the unions present no basis for *Leedom* jurisdiction. The Panel acted within its statutory authority when it declined to assert jurisdiction in the face of colorable challenges to its power to act. Accordingly, the Court should grant the Authority's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, should grant the Authority's motion for summary judgment.

**B.     The Union Has Failed To State a Claim Upon Which Relief Can Be Granted**

If a defendant can show that the plaintiff can prove no set of facts that would support its claim, then the complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Much of what has been said in Part A. of this argument, concerning the Court's lack of subject matter jurisdiction, applies here as well. Even taking the allegations in the union's complaint as true, the union cannot establish any facts sufficient to overcome the well-established prohibition on judicial review of Panel decisions.

## IV.  CONCLUSION

For the foregoing reasons, this complaint should be dismissed because the Court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted. In the alternative, this Court should grant summary

judgment in favor of the defendants and deny the unions' motion for summary judgment.

    Respectfully submitted.

_____
DAVID M. SMITH
Solicitor


_____
WILLIAM R. TOBEY
Deputy Solicitor


_____
JAMES F. BLANDFORD
Attorney

Federal Labor Relations Authority
1400 K Street, NW.
Washington, DC  20424-0001
(202) 218-7999; FAX (202) 343-1007

March 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL AIR TRAFFIC CONTROLLERS )
ASSISTANT, AFL-CIO., )
      and )
PROFESSIONAL AIRWAYS SYSTEMS )
SPECIALISTS, AFL-CIO, )
      Plaintiffs )
  )
v. ) No. 1:04CV00138 (RMC)
  )
FEDERAL SERVICE IMPASSES PANEL )
      and )
FEDERAL LABOR RELATIONS )
AUTHORITY, )
      Defendants )
  )

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
NOT IN DISPUTE**

Defendants Federal Service Impasses Panel (Panel) and Federal Labor Relations Authority (Authority) hereby submits its Statement of Material Facts Not In Dispute.

1. The National Air Traffic Controllers Association, AFL-CIO (NATCA) and the Professional Airways Systems Specialists, AFL-CIO (PASS) (collectively "the unions") are labor organizations within the meaning of § 7103(a)(4) of the Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101-7135 (2000) (Statute) and were at all times material to this case exclusive bargaining representatives for units of employees of the Federal Aviation Administration (FAA).

2. The Authority is an independent agency of the Executive Branch of the United States Government established pursuant to the Statute. 5 U.S.C. §§ 7104, 7105. The Panel is "an entity within the Authority, the function of which is to provide assistance in resolving negotiation impasses between agencies and exclusive representatives." 5 U.S.C. § 7119.

3.  In July 2003, pursuant to § 7119(b) of the Statute, the unions filed requests for Panel assistance in resolving bargaining impasses.  Specifically, NATCA filed 1 request, 03 FSIP 144, growing out of negotiations between the FFA and 11 bargaining units totaling approximately 1,800 employees.  PASS filed 4 different requests (03 FSIP 149, 150, 151, and 157) arising out of negotiations involving 4 bargaining units involving approximately 4,000 employees.  The Authority consolidated all of PASS's cases.

4.  In response to the unions' requests for Panel assistance, the FAA filed two substantially identical Statements of Positions, contending that the Air Traffic Management System Performance Act of 1966 divested the Panel of jurisdiction over collective bargaining between the unions and the FAA.   Thereafter the Panel solicited, and the parties provided, legal arguments on the issue of the Panel's jurisdiction.

5.   On January 9, 2004 the Panel issued decisions in the 5 pending cases, declining to the assert jurisdiction over the matters.  The Panel concluded that "it is unclear whether the Panel has the authority to resolve the parties' impasse[s]," and that these "questions must be addressed in an appropriate forum before the Panel commits its resources to assist the parties in resolving the merits of their impasses." *FAA and NATCA*, No. 03 FSIP 144 (Jan. 9, 2004); *FAA and PASS*, Nos. 03 FSIP 149, 150,151, and 157 (Jan. 9, 2004).

Respectfully submitted.

                                        _____
DAVID M. SMITH
Solicitor

_____
WILLIAM R. TOBEY
Deputy Solicitor

_____
JAMES F. BLANDFORD
Attorney

Federal Labor Relations Authority
1400 K Street, NW.
Washington, DC  20424-0001
(202) 218-7999; FAX (202) 343-1007

March 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO, and PROFESSIONAL AIRWAYS SYSTEMS SPECIALISTS, AFL-CIO,<br>　　　　Plaintiffs<br><br>　　v.<br><br>FEDERAL SERVICE IMPASSES PANEL and FEDERAL LABOR RELATIONS AUTHORITY,<br>　　　　Defendants | No. 1:04CV00138 (RMC) |

**CERTIFICATE OF SERVICE**

　　I certify that a copy of the Defendants' Motion To Dismiss Complaint, Or, In The Alternative, For Summary Judgment has been served this day, by mail, upon the following:

> William W. Osborne, Jr.
> Osborne Law Offices, P.C.
> 4301 Connecticut Avenue, N.W.
> Suite 108
> Washington, D.C. 20008

_____
James F. Blandford
Attorney, FLRA & FSIP

March 30, 2004